UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


DANA DOUGLAS,

        Petitioner,

vs.                                        Case No. 3:16-cv-405-J-39MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## **ORDER**

### I.  **INTRODUCTION**

Petitioner Dana Douglas challenges his conviction and sentence for possession of a firearm by a convicted felon, robbery with a firearm, and resisting an officer without violence through his Second Amended Petition (Petition) (Doc. 23).  Through four grounds for post conviction relief, he challenges a 2012 Bradford County conviction.  Respondents filed an Answer to Second Amended Petition for Writ of Habeas Corpus (Response) (Doc. 34).[1]  Petitioner opted not to file a reply (Doc. 37).  <u>See</u> Orders (Docs. 5, 36, & 38).

_____

[1] The Court hereinafter refers to the Exhibits (Docs. 14 & 34) as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the exhibit.  Otherwise, the page number on the particular document will be referenced.

## II.  CLAIMS

The four grounds raised in the Petition are: (1) the ineffective assistance of counsel for failure to investigate and present an insanity defense; (2) the ineffective assistance of counsel for failure to have Petitioner examined by two psychiatrists to determine competency to stand trial, instead of just one; (3) the ineffective assistance of counsel for advising Petitioner to enter a plea without informing him of the availability of the insanity defense; and (4) the ineffective assistance of counsel based on the cumulative errors of counsel.

## III.  EVIDENTIARY HEARING

It is Petitioner's burden to establish the need for a federal evidentiary hearing.  Since Petitioner has not met this burden, the Court will address the Petition without further factual development.  Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011), cert. denied, 565 U.S. 1120 (2012).  Upon review, the pertinent facts are fully developed in the record or the record otherwise precludes habeas relief.  Thus, the Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

# IV.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus.[2] See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S.Ct. 1432 (2017).  "AEDPA limits the scope of federal habeas review of state court judgments[.]" Pittman v. Sec'y, Fla. Dep't of Corr., 871 F.3d 1231, 1243 (11th Cir. 2017), cert. denied, 139 S.Ct. 102 (2018).  This narrow scope of review under AEDPA provides for habeas relief only if there are extreme malfunctions, certainly not to be used as a means to correct state court errors. Ledford, 818 F.3d at 642 (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).  "Under AEDPA, error is not enough; even clear error is not enough."  Meders v. Warden, Ga. Diagnostic Prison, 900 F.3d 1330, 1344 (11th Cir. 2018) (citation omitted).  Indeed, federal courts may grant habeas relief:

> only when the adjudication of a federal constitutional claim "on the merits in State court proceedings" either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "This narrow evaluation is highly deferential, for a state court's determination that a claim lacks

---

[2] The Petition is timely.  See Response at 5-6.

merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." <u>Morrow v. Warden</u>, 886 F.3d 1138, 1146–47 (11th Cir. 2018) (alteration adopted) (internal quotation marks omitted) (quoting <u>Harrington v. Richter</u>, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011). The decision of a state court is "contrary to" federal law only if it "contradicts the United States Supreme Court on a settled question of law or holds differently than did that Court on a set of materially indistinguishable facts." <u>Cummings v. Sec'y for Dep't of Corr.</u>, 588 F.3d 1331, 1355 (11th Cir. 2009) (citation and internal quotation marks omitted). The decision of a state court "involves an unreasonable application of federal law if it identifies the correct governing legal principle as articulated by the United States Supreme Court, but unreasonably applies that principle to the facts of the petitioner's case, unreasonably extends the principle to a new context where it should not apply, or unreasonably refuses to extend it to a new context where it should apply." <u>Id</u>. (citation and internal quotation marks omitted). "The question ... is not whether a federal court believes the state court's determination was correct but whether that determination was unreasonable—a substantially higher threshold." <u>Id</u>. (citation and internal quotation marks omitted).

<u>Wilson v. Warden, Ga. Diagnostic Prison</u>, 898 F.3d 1314, 1321 (11th Cir. 2018).

This Court will not "flyspeck the state court order or grade it." <u>Id</u>. at 1345. Instead, the Court is charged with reviewing the conclusions of the state court, deferring to the state court decisions, and granting habeas relief only if the adjudication of the claim resulted in a decision that was contrary to, or involved

an unreasonable application of Supreme Court precedent.  "We also must presume that 'a determination of a factual issue made by a State court [is[ correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.'  28 U.S.C. § 2254(e)(1)."  <u>Morrow v. Warden</u>, 886 F.3d 1138, 1147 (11th Cir. 2018), <u>petition</u> <u>for</u> <u>cert</u>. <u>filed</u>, (U.S. Oct. 19, 2018) (No. 18-6409).  Additionally, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts."  <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

In this regard:

> "Deciding whether a state court's decision 'involved' an unreasonable application of federal law or 'was based on' an unreasonable determination of fact requires the federal habeas court to 'train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims.'" <u>Wilson v. Sellers</u>, --- U.S. ----, 138 S.Ct. 1188, 1191-92, --- L.Ed.2d ---- (2018) (quoting <u>Hittson v. Chatman</u>, --- U.S. ----, 135 S.Ct. 2126, 2126, 192 L.Ed.2d 887 (2015) (Ginsberg, J., concurring in denial of certiorari) ). The Supreme Court recently held that, when the relevant state court decision is not accompanied by a reasoned opinion explaining why relief was denied, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." <u>Id</u>. at 1192. "[T]he State

> may rebut the presumption by showing that the
> unexplained affirmance relied or most likely
> did rely on different grounds than the lower
> state court's decision." <u>Id</u>.

<u>Johnson v. Sec'y, Dep't of Corr.</u>, 737 F. App'x 438, 441 (11th Cir.

2018) (per curiam).

Bearing in mind this guidance from the Supreme Court, this

Court undertakes its review of Petitioner's four grounds for habeas

relief.  If the last state court to decide a federal claim provides

an explanation for its merits-based decision in a reasoned opinion,

this Court simply reviews the specific reasons given by the state

court and defers to those reasons, if they are reasonable.  On the

other hand, if the relevant state-court decision is not accompanied

by a reasoned opinion, simply stating affirmed or denied, this

Court should "look through" the unexplained decision to the last

related state-court decision that provides relevant rationale.

This Court presumes the unexplained decision adopted the same

reasoning as the lower court; however, the presumption is not

irrebutable, as strong evidence may refute the presumption.  <u>See</u>

<u>Kernan v. Hinojosa</u>, 136 S.Ct. 1603, 1606 (2016) (per curiam).

Thus, the state may rebut the presumption by showing the higher

state court relied or most likely relied on different grounds than

the lower state court, "such as alternative grounds for affirmance

that were briefed or argued to the state supreme court or obvious

in the record it reviewed."  <u>Wilson v. Sellers</u>, 138 S.Ct. 1188,

1192 (2018) (Wilson).

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. <u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 876 F.3d 1039, 1053 (11th Cir. 2017) (opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error), <u>cert</u>. <u>denied</u>, 138 S.Ct. 2624 (2018). When applying the stringent AEDPA standard, state court decisions must be given the benefit of the doubt. <u>Trepal v. Sec'y, Fla. Dep't of Corr.</u>, 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), <u>cert</u>. <u>denied</u>, 568 U.S. 1237 (2013).

### V.  INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). A counsel's performance is deficient only if counsel's "identified acts or omissions were outside the wide range of professionally competent assistance." <u>Id</u>. at 690. And importantly, with regard to the establishment of prejudice requirement, the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome." <u>Id</u>. at 694.

It is important to note that in order to prevail on a claim of ineffective assistance of counsel, both parts of the Strickland test must be satisfied. Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.Ct. 819 (2017). However, a court need only address one prong, and if it is found unsatisfied, the court need not address the other prong. Id.

With respect to an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Of note, ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. See id. at 56 (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

This Court recognizes that,

> in a post conviction challenge to a guilty plea:

> > [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as

> well as any findings made by the
> judge accepting the plea, constitute
> a formidable barrier in any
> subsequent collateral proceedings.
> Solemn declarations in open court
> carry a strong presumption of
> verity. The subsequent presentation
> of conclusory allegations
> unsupported by specifics is subject
> to summary dismissal, as are
> contentions that in the face of the
> record are wholly incredible.
>
> Blackledge v. Allison, 431 U.S. 63, 73-74, 97
> S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)
> (citations omitted); see also United States v.
> Gonzalez-Mercado, 808 F.2d 796, 799-800 and n.
> 8 (11th Cir. 1987) (while not insurmountable,
> there is a strong presumption that statements
> made during a plea colloquy are true, citing
> Blackledge and other cases).

Bryant v. McNeil, No. 4:09CV22-SPM/WCS, 2011 WL 2446370, at *2

(N.D. Fla. May 17, 2011) (Report and Recommendation), report and

recommendation adopted by Bryant v. McNeil, No. 4:09CV22-SPM/WCS,

2011 WL 2434087 (N.D. Fla. June 16, 2011).

## VI.  EXHAUSTION AND PROCEDURAL DEFAULT

While Respondents admit that grounds one, three, and four, as

presented in the federal Petition, are similar to those Petitioner

asserted in grounds one, three, and four of his Rule 3.850 motion

in state court, Ex. B at 5-6, 7-9, 11-14, Respondents assert

Petitioner abandoned these grounds on appeal of the denial of the

Rule 3.850 motion.  Ex. F at 3-5.  Respondents contend the only

federal constitutional ground addressed in the appeal is ground

two:  trial counsel's failure to object to the appointment of only

one psychiatrist to examine Petitioner, instead of two. Id. at 1,

3.

Since the question of exhaustion has been raised, this Court

must ask whether there has been adequate exhaustion of grounds one,

three, and four in the courts of Florida:

> An applicant's federal writ of habeas
> corpus will not be granted unless the
> applicant exhausted his state court remedies.
> 28 U.S.C. § 2254(b), (c). A claim must be
> presented to the highest court of the state to
> satisfy the exhaustion requirement. O'Sullivan
> v. Boerckel, 526 U.S. 838 (1999) ; Richardson
> v. Procunier, 762 F.2d 429, 430(5th Cir.
> 1985); Carter v. Estelle, 677 F.2d 427,
> 443(5th Cir. 1982). In a Florida non-capital
> case, this means the applicant must have
> presented his claims in a district court of
> appeal. Upshaw v. Singletary, 70 F.3d 576, 579
> (11th Cir. 1995). The claims must be presented
> in State court in a procedurally correct
> manner. Id. Moreover, the habeas applicant
> must have presented the State courts with the
> same federal constitutional claim that is
> being asserted in the habeas petition. "It is
> not sufficient merely that the federal habeas
> petitioner has been through the state courts
> ... nor is it sufficient that all the facts
> necessary to support the claim were before the
> state courts or that a somewhat similar
> state-law claim was made." Kelley v. Sec'y,
> Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004)
> (citing Picard v. Connor, 404 U.S. 270, 275-76
> (1971)); Anderson v. Harless, 459 U.S. 4, 6
> (1982). A petitioner is required to present
> his claims to the state courts such that the
> courts have the "opportunity to apply
> controlling legal principles to the facts
> bearing upon [his] constitutional claim."
> Picard v. Connor, 404 U.S. 270, 275-77 (1971).
> To satisfy this requirement, "[a] petitioner
> must alert state courts to any federal claims
> to allow the state courts an opportunity to
> review and correct the claimed violations of
> his federal rights." Jimenez v. Fla. Dep't of
> Corr., 481 F.3d 1337 (11th Cir. 2007) (citing

> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995).)
> "Thus, to exhaust state remedies fully the
> petitioner must make the state court aware
> that the claims asserted present federal
> constitutional issues." <u>Snowden v. Singletary</u>,
> 135 F.3d 732, 735 (11th Cir. 1998).

<u>Aquilera v. Jones</u>, No. 15-CV-20406, 2016 WL 791506, at *7 (S.D. Fla. Jan. 13, 2016), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>by</u> No. 15-20406-CIV, 2016 WL 932808 (S.D. Fla. Mar. 10, 2016).

In order to make its determination as to exhaustion, this Court has carefully reviewed and considered the pro se brief filed by Petitioner in the 1st DCA. Ex. F. Petitioner presented one argument in his Table of Contents:

> Trial court erred in denying issues one,
> two, three in the 3.850 petition where all
> three issues relate to counsel being
> ineffective for failing to object to courts
> erroneous appointment of only one psychiatrist
> to examine defendant in regards of his
> sanity/competency when Rule 3.210(b), required
> at least two psychiatrist[s] but no more than
> three.

<u>Id</u>. at 1. Although Petitioner references three issues by number, his statement only addresses the claim concerning the erroneous appointment of one psychiatrist rather than two, and counsel's failure to object to this fact.

After his Statement of the Case and Facts, Petitioner provided a very brief Summary of the Arguments:

> Defendant seeks reversal of plea where
> court failed to comply with procedural
> requirements of at least (two) psychiatrist[s]
> to determine if defendant was competent to
> proceed and counsel was ineffective for
> failing to object to improper examination of
> only (one) psychiatrist in erroneously finding

defendant competent. Further, counsel was
also ineffective for failing to advise
defendant as to a possible insanity defense
where defendant advise[d] counsel of previous
hospitalization and counsel was aware of the
severe head trauma/injury and defendant['])s
hospitalization from having been comatose and
suffering morphic high rhythmic burst in the
brain and a significant large amount of oxygen
loss to the brain. Later was released from
medical hospitalization and involuntarily
commit[t]ed to mental health facility prior to
the alleged crimes.

Id. at 2. In this summary of arguments, Petitioner blames the

trial court for failing to appoint an additional psychiatrist and

submits counsel was ineffective for failing to object. Petitioner

also mentions his counsel was ineffective for failing to advise

Petitioner of a possible insanity defense.

After the presentation of his summary of arguments, Petitioner

addressed one ground for relief: "[c]ounsel was ineffective for

failing to object to court's erroneously [sic] appointment of only

(1) psychiatrist to examine defendant in regards of his competency

when rule required at least (2) psychiatrist[s]." Id. at 3. In

his discussion of this ground, Petitioner mentions in passing

counsel's failure to advise Petitioner as to a possible insanity

defense. Id. at 4. Petitioner does not, however, address the

failure to give advice concerning an insanity defense as a separate

ground for review by the 1st DCA or present a definitive argument

supporting the claim.

The record shows that appeal of the denial of the post

conviction motion was before the 1st DCA. Traditionally, the 1st

DCA will only review "those arguments raised and fully addressed in the brief." Watson v. State, 975 So.2d 572, 573 (Fla. 1st DCA 2008) (per curiam). Thus, upon appeal from a summary denial of a post conviction motion, an appellant must present definitive arguments concerning the particular grounds for relief and not simply list the issues raised below. Marshall v. State, 854 So.2d 1235, 1252 (Fla. 2003) (per curiam). If the arguments are speculative or unsupported, they will be considered improper. Cooper v. State, 856 So.2d 969, 977 n.7 (Fla. 2003) (per curiam), cert. denied, 540 U.S. 1222 (2004). Therefore, in order to preserve his arguments for review, an appellant must raise and fully address the arguments in his brief; if the appellant fails to do so, he has waived any claim not fully briefed. Wade v. State, 201 So.3d 806, 807 (Fla. 1st DCA 2016) (per curiam).

Here, Petitioner failed to present substantive arguments as to the circuit court's rejection of grounds one, three, and four. Instead, he referenced the numbers of the claims but made argument only as to ground two concerning the appointment of only one psychiatrist, instead of two psychiatrists, and counsel's failure to object. Again, Petitioner mentioned in passing within his argument on ground two that counsel failed to advise him as to a possible insanity defense, but Petitioner did not brief this issue. Passing reference to a claim or a claim number is simply not enough to exhaust state court remedies.

Upon review, Petitioner failed to present definitive arguments to support grounds one, three, and four on appeal of the denial of the Rule 3.850 motion. At most, he presented an unsupported claim of ineffective assistance of counsel with regard to his claim of failure to advise Petitioner of a possible insanity defense (ground three), and failed to present any argument whatsoever concerning grounds one and four. "Petitioner's having chosen not to argue that the lower court erred in summarily denying those claims [grounds one, three, and four of his federal habeas petition], he failed to invoke the state court's established appellate review process as to those claims, and thus failed to exhaust them." Ulland v. Comerford, No. 5:15cv111/MW/EMT, 2016 WL 2909174, at *14 (N.D. Fla. April 26, 2016) (citations omitted), report and recommendation adopted by No. 5:15cv111-MW/EMT, 2016 WL 2886333 (N.D. Fla. May 17, 2016).

Petitioner abandoned grounds one, three, and four by failing to fully brief the claims on appeal. Thus, these grounds are unexhausted. They are also procedurally defaulted as it is abundantly clear that these unexhausted claims would be procedurally barred in state court. See Response at 9-11. There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 566 U.S. 1, 10 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). If cause

is established, a petitioner is required to demonstrate prejudice. In order to demonstrate prejudice, a petitioner must show "that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." Owen v. Sec'y for Dep't of Corr., 568 F.3d 894, 908 (2009), cert. denied, 558 U.S. 1151 (2010). More particularly, to demonstrate cause, a petitioner must show that some objective factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).

Petitioner has not shown cause and prejudice nor a manifest injustice will result if the claims are not addressed on their merits. Although a petitioner may obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995), Petitioner has not done so. The gateway is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Ala., 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002).

With respect to these unexhausted grounds, Petitioner has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

Based on the above, the Court finds ground one, three, and four unexhausted and procedurally defaulted. As Petitioner has failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, these grounds are due to be denied as procedurally barred.

In the alternative, the Court will address grounds one, three, and four on their merits. <u>See</u> Rule 9.141, Fla. R. App. P. (briefs are not required upon summary denial of post conviction motions); <u>Darity v. Sec'y, Dep't of Corr.</u>, 244 F. App'x 982, 984 (11th Cir. 2007) (per curiam) (opining a defendant who chooses to file a brief upon summary denial of his post conviction motion is not required to raise all claims); <u>Cortes v. Gladish</u>, 216 F. App'x 897 (11th Cir. 2007) (per curiam) (same). Notably, the case law upon which the Eleventh Circuit relied in these unpublished opinions, <u>Webb v. State</u>, 757 So.2d 608, 609 (Fla. 5th DCA 2000), has been receded from in <u>Ward v. State</u>, 19 So.3d 1060, 1061 (Fla. 5th DCA 2009) (per curiam) and <u>Watson</u> (1st DCA). Nevertheless, this Court, in an abundance of caution, assumes arguendo <u>Darity</u> and <u>Cortes</u> remain persuasive authority in this Circuit, and consequently will address the three grounds on their merits.

## VII.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Grounds One and Three

In the first ground of the Petition, Petitioner claims he received the ineffective assistance of counsel based on counsel's failure to investigate and present an insanity defense. Petition at 4.  In ground three, Petitioner raises a claim of ineffective assistance of counsel for advising Petitioner to enter a plea without informing him of the availability of an insanity defense. Id. at 11.  While maintaining their contention these particular grounds are unexhausted and procedurally defaulted, Respondents also address the merits.  In the Response, Respondents address these related grounds jointly.  Response at 20-27.  The Court will address them jointly as well.

Some background information is necessary to provide context. The transcript of the September 11, 2012 Change of Plea proceeding shows Petitioner was sworn in before responding to the court and counsel's questions.  Ex. B at 62.  The record further shows Petitioner, with the aid of his counsel, went over the plea form and Petitioner initialed the document, paragraph by paragraph, prior to the plea proceeding.  Id. at 63-64.

Of import, Petitioner was facing a life sentence.  Id. at 65, 73.  Petitioner made an open plea to the court.  Id. at 68. Defense counsel made it a point to present information concerning Petitioner's mental capacity.  Id. at 69.  This included information about Petitioner suffering a serious injury in November

of 2010.  Id.  Counsel asked if Petitioner was sure he had the mental capacity to understand what was going on in the courtroom. Id.  Petitioner responded affirmatively.  Id.

Thereafter, the court conducted the following inquiry:

> THE COURT: And so you feel like you're competent, know what's going on, have all possession of your faculties, so that you know what's going on --
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: -- not only now but during the course of the case.
>
> THE DEFENDANT: I don't feel like, during none of the courts at the beginning of my case, that I was competent at all, my brain was just not rebuilding.  I lost 100 percent oxygen to my memory -- and 10 months before the incident, I don't feel like I was sane at the time -- competent -- maybe until now I am competent, I believe that, yes, sir.
>
> THE COURT: So you feel like today you are competent?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that what I'm hearing?
>
> THE DEFENDANT: Yes, sir.

Id. at 69-70.

The court followed this inquiry with questions concerning Petitioner's previous examination by a mental health professional. Id. at 70.  Defense counsel noted Petitioner was examined by Dr. Lennon for both Petitioner's sanity at the time of the offense and his current competence at the time of the examination.  Id.  The record demonstrates Dr. Lennon found Petitioner sane at the time of

the offense and competent at the time of the examination. <u>Id</u>. at 70-71.

Petitioner assured the court he could read, write, speak, and understand English well enough to understand what was in the plea form. <u>Id</u>. at 72. Plaintiff confirmed that he was not under the influence of any alcohol, drug, medication, or substance that affected his ability to understand and make critical decisions at the time of the signing of the document and during the plea proceeding. <u>Id</u>. Finding the plea freely, knowingly, and voluntarily entered, the court also found a factual basis for the plea. <u>Id</u>. at 73-75.

In reviewing Petitioner's claim that counsel was ineffective for failing to investigate and present an insanity defense, the trial court noted defense counsel knew about Petitioner's hospitalization and brought it to the attention of the court during the plea colloquy. Ex. B at 39. The court also pointed out that defense counsel had seen Dr. Lennon's report and knew the results of the report, including the doctor's conclusion that Petitioner did not meet the criteria to claim a defense of insanity at the time of the offense. <u>Id</u>. Also, with respect to the content of Petitioner's jail calls, the court found Petitioner's statement about taking over the world during a jail phone call was a statement of revenge, not incoherency. <u>Id</u>.

In denying Petitioner's claim, the trial court noted Petitioner's satisfaction with his counsel and the absence of any

questions by Petitioner for trial counsel or the court. <u>Id</u>. at 39-40.  Finding Petitioner bound by his statements given under oath, the court found no merit to Petitioner's contention.  The court opined: "[b]ased upon the fact that trial counsel investigated an insanity defense, Defendant fails to show that trial counsel's representation of him fell below the prevailing professional standards." <u>Id</u>. at 40.

Petitioner is unable to establish that the state court decision denying this ground was contrary to or an unreasonable application of federal law.  The record demonstrates the trial court properly applied the <u>Strickland</u> standard.  <u>Id</u>. at 38. The trial court found no deficient performance on the part of counsel. <u>Id</u>. at 40.  As Petitioner has failed to satisfy the deficiency prong of the <u>Strickland</u> test, the Court need not address the prejudice prong.  <u>Bester</u>, 836 F.3d at 1337.

Assuming Petitioner exhausted his state court remedies by appealing the denial of his Rule 3.850 motion, pursuant to <u>Wilson</u>, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion.  The state has not attempted to rebut this presumption.  Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA.

When considering the claim of ineffective assistance of counsel, this Court must try to eliminate the distorting effects of hindsight, as counseled to do so in <u>Strickland</u>, 466 U.S. at 689. Given due consideration, the Florida court's decision is not

inconsistent with Supreme Court precedent, including <u>Stickland</u> and its progeny.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  As such, ground one is due to be denied.

In ground three, Petitioner raises a claim of ineffective assistance of counsel for advising Petitioner to enter a plea without informing Petitioner of the availability of the insanity defense.  In his post conviction motion, Petitioner claimed he never knew about an insanity defense and had no understanding of what was occurring in his case.  This contention is belied by the record of the plea proceeding.  Obviously, Petitioner was examined by a doctor who found Petitioner both sane at the time of the offense and competent to proceed.  These results were fully discussed at the plea proceeding.  Moreover, defense counsel had referenced the examination at a previous court event, as noted by the trial court.  Ex. B at 43, 70.

The trial court also found Petitioner's contention that he did not understand what was happening throughout his case to be without merit.  <u>Id</u>. at 43.  The court referenced Petitioner's letters, some of which the court found quite coherent, and others of which the court found to be self-serving.  <u>Id</u>. at 41.  The court also found "the record void of any suggestion that Defendant was not competent throughout the process[,]" other than his two, self-serving letters.  <u>Id</u>.  The court reiterated the doctor's determination that

Petitioner was sane at the time of the offense. _Id_. The court referenced Petitioner's deliberate and intentional actions during the crime itself as belying any claim of insanity at the time of the offense. _Id_. at 41-42. After providing the details of Petitioner's actions during the offense, the court determined "[a]ll of those actions are consistent with a person who came up with a plan to commit a robbery and then executed that plan." _Id_. at 42.

Petitioner has not shown his counsel provided incorrect advice or failed to give material advice, particularly with regard to asserting an insanity defense. As such, Petitioner has failed to satisfy the first prong of _Strickland_.

Assuming Petitioner exhausted his state court remedies by appealing the denial of his Rule 3.850 motion, pursuant to _Wilson_, it is assumed the 1st DCA adopted the reasoning of the trial court in denying the Rule 3.850 motion. The state has not attempted to rebut this presumption. The trial court found Petitioner failed to show deficient performance. The 1st DCA affirmed. Deference under AEDPA should be given to the last adjudication on the merits provided by the 1st DCA.

This Court concludes the 1st DCA's decision is not inconsistent with Supreme Court precedent, including _Stickland_ and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of _Strickland_, or based

on an unreasonable determination of the facts. As such, ground three is due to be denied.

## B.  Ground Two

In his second ground of his post conviction motion, Petitioner raised the claim of the ineffective assistance of counsel for failure to have Petitioner examined by two psychiatrists to determine competency to stand trial, instead of just one. The trial court denied the post conviction motion, and Petitioner exhausted this ground by raising it on appeal of the denial of the Rule 3.850 motion. He raises the claim before this Court in ground two of the Petition. He asks "[w]hether the Petitioner was denied his right to assistance of counsel and right to due process of law under the Sixth and Fourteenth Amendments of the U.S. Const. when counsel failed to have Petitioner examined by two (2) psychiatrist[s] as required by Florida law when competency became an issue?" Petition at 8. Petitioner contends his counsel's performance was deficient for failing to move the court to appoint a second expert to have Petitioner evaluated prior to allowing Petitioner to enter a plea. Id.

Petitioner relies on Rule 3.210(b), Fla. R. Crim. P. Upon review, this Rule provides that the court, of its own motion, or on motion of counsel for the state or defense, has reasonable ground to believe the defendant is not mentally competent to proceed, may order the defendant to be examined by "no more than 3 experts, as needed[.]" See In re Amendments to the Fla. Rules of Criminal

Procedure, 26 So.3d 534, 542 (Fla. 2009) (per curiam) (effective January 1, 2010).  Of import, Petitioner's entire claim is based on a portion of the rule no longer in effect, which provided the court "shall order the defendant to be examined by no more than three **nor fewer than two experts** prior to the date of said hearing." D'Oleo-Valdez v. State, 531 So.2d 1347, 1348 (Fla. 1988) (emphasis added) (quoting Rule 3.210(b)).  Ex. B at 10.

The offenses at issue took place on September 6, 2011, Ex. A at 1, 3, long after the provision requiring "no fewer than two experts" had been amended to eliminate the minimum number of experts, but still allowing up to 3 experts, as needed.  Thus, this claim has no merit.

Alternatively, the Court will give deference to the decision of the 1st DCA.  The trial court denied this ground finding Petitioner failed to show that his counsel's representation fell below prevailing professional standards.  Ex. B at 42.  The 1st DCA affirmed the decision of the trial court.  Ex. G.  The Court assumes the 1st DCA adopted the reasoning of the trial court.  This presumption has not been rebutted.

There is a qualifying state court decision and AEDPA deference is warranted.  The adjudication of the state court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground two because the state court's decision was not contrary to clearly

established federal law, <u>Strickland</u> and its progeny, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts.

## C.  Ground Four

In his final ground, Petitioner raises a claim of ineffective assistance of counsel based on the cumulative errors of counsel. Petitioner asks: "[w]hether the Petitioner's [sic] was cumulatively deprived of his right to effective assistance of counsel clause of the Sixth and Fourteenth Amendments of the U.S. Const. rendering his plea involuntary?"  Petition at 14.  Generally, he complains about the "cumulative effect of counsel's errors."  <u>Id</u>.

The cumulative error doctrine provides for the following:

> "an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of the constitutional right to a fair trial, which calls for reversal." <u>United States v. Baker</u>, 432 F.3d 1189, 1223 (11th Cir. 2005) (internal quotation marks omitted). We address claims of cumulative error by first considering the validity of each claim individually, and then examining any errors that we find in the aggregate and in light of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. <u>See</u> <u>United States v. Calderon</u>, 127 F.3d 1314, 1333 (11th Cir. 1997).

<u>Morris v. Sec'y, Dept. of Corr.</u>, 677 F.3d 1117, 1132 (11th Cir. 2012).

Because Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not

render them sufficient. <u>Robertson v. Chase</u>, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), <u>report</u> and <u>recommendation adopted by</u> No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), <u>aff'd by</u> 506 F. App'x 951 (11th Cir. 2013), <u>cert</u>. <u>denied</u>, 571 U.S. 842 (2013). The trial court followed this maxim in its ruling, finding the claim without merit as "[e]ach of the other claims has already been addressed on their merits and no new facts are alleged." Ex. B at 43. The 1st DCA affirmed. Ex. G.

In <u>Forrest v. Fla. Dep't of Corr.</u>, 342 F. App'x 560, 564 (11th Cir. 2009) (per curiam) (citing <u>United States v. Cronic</u>, 466 U.S. 648, 659 n.26 (1984)), <u>cert</u>. <u>denied</u>, 562 U.S. 589 (2010), the Eleventh Circuit explained, although the Supreme Court has not specifically addressed the applicability of the cumulative error doctrine when addressing an ineffective assistance of trial counsel claim, it has held there is no basis for finding a constitutional violation unless the petitioner can point to specific errors of counsel which undermined the reliability of the finding of guilt. Thus, a cumulative errors of counsel claim lacks merit without a showing of specific errors of counsel which undermine the conviction in their cumulative effect, amounting to prejudice.

In this regard, Petitioner has not demonstrated any of his trial counsel's alleged errors, considered alone, rise to the level of ineffective assistance of counsel; therefore, there are no errors to accumulate, and Petitioner is not entitled to relief.

Since the threshold standard of <u>Strickland</u> has not been met, Petitioner has failed to demonstrate that his trial was fundamentally unfair and his counsel ineffective. Moreover, Petitioner has not shown specific errors which undermine the conviction in their cumulative effect. Therefore, he has not demonstrated prejudice. Petitioner is not entitled to habeas relief on his Sixth Amendment claim.

Petitioner's Fourteenth Amendment claim is due to be denied as well. He is not entitled to relief on his claim of denial of due process of law because:

> [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

<u>Miller v. Johnson</u>, 200 F.3d 274, 286 n.6 (5th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 849 (2000).

With respect to the claim of cumulative errors of counsel, the 1st DCA's decision is entitled to deference under AEDPA as the Court assumes the 1st DCA adopted the reasoning of the trial court in denying the post conviction motion. This presumption has not been rebutted. Thus, Petitioner is not entitled to habeas relief on ground four of the Petition because the state court's decision was not contrary to clearly established federal law, did not

involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Petitioner has not shown specific errors of counsel which undermine his conviction in their cumulative effect; therefore, the cumulative errors of counsel claim lacks merit.  See Forrest, 342 F. App'x at 564.  As such, the Court finds Petitioner is not entitled to habeas relief on the basis of his claim of ineffective assistance of counsel alleging the cumulative errors of counsel and the resulting denial of a fair proceeding.  Ground four of the Petition is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Second Amended Petition (Doc. 23) is **DENIED.**

2.    This action is **DISMISSED WITH PREJUDICE.**

3.    The **Clerk** shall enter judgment accordingly and close this case.

4.    If Petitioner appeals the denial of his Second Amended Petition, **the Court denies a certificate of appealability.**[3]

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of December, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 12/17
c:
Dana Douglas
Counsel of Record

---

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.